## SANFORD v. SANFORD, appellant.

*Action — when deemed commenced — Statute of limitation — claim against estate of idiot — when statute runs.*

The filing of a stipulation to refer a claim against the estate of a deceased person, and entry of order of reference is to be deemed the commencement of an action. *Bucklin* v. *Chapin,* 1 Lans. 443, 449; *Tracy* v. *Suydam,* 30 Barb. 110, 111.

The fact of an outstanding decree of idiocy against a person at the time of his death; *held* not to prevent the statute of limitation running after that time.

Six years after the death of an intestate an administrator of his estate was appointed. Two years thereafter plaintiff brought action for services to testator in his life-time and for funeral expenses. *Held,* that the claim was barred by the statute.

APPEAL from a judgment for plaintiff entered upon the report of a referee appointed by the surrogate of Schuyler county, pursuant to statute, to hear and determine a claim against an estate. The claim was made by Myra Sandford against Bela Sandford, administrator of the estate of Warren Sandford, deceased, for services in taking care of intestate, who was an idiot, during his life-time, and for his funeral expenses.

*S. C. Keeler,* for appellant.

*B. W. & C. M. Woodward,* for respondent.

JAMES, J.

The head-note states sufficiently the only points passed upon in the opinion, which is not believed of sufficient general importance to publish at length.

*Judgment reversed and new trial ordered.*